<u>NOT</u> <u>FOR</u> <u>PUBLICATION</u>                                         [Dkt. Nos. 12 and 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ADELAIDE LOMBARSKI, : | |
| : | Civil Action No. 10-6588 |
| Plaintiff, : | (RMB/KMW) |
| : | |
| v. : | |
| : | **OPINION** |
| CAPE MAY COUNTY, et al., : | |
| : | |
| Defendants. : | |

<u>Appearances</u>:

James E. Moore, Esquire
Barry Corrado Grassi & Gibson PC
2700 Pacific Avenue
Wildwood, New Jersey 08260
    Attorney for Plaintiff

Susanna J. Morris, Esquire
Budd Larner, PC
1939 Route 70 East, Suite 100
Cherry Hill, New Jersey 08003
    Attorney for Defendant Cape May County

William F. Cook, Esquire
William M. Tambussi, Esquire
Brown & Connery
360 Haddon Avenue
Westmont, New Jersey 08108
    Attorneys for Defendants Cape County Municipal Utilities
        Authority, John R. Baron, Vincenette C. DiCicco,
        Charles M. Norkis, and Francis M. Simcik

1

```
A. Michael Barker, Esquire
Barker, Scott & Gelfand
Linwood Greene
210 New Road, Suite 12
Linwood, New Jersey 08221
     Attorney for Defendant Joseph E. Horn
```

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion to dismiss the Complaint by Defendants, Cape May County Municipal Utilities Authority, Joseph E. Horn, John R. Baron, Vincenette C. DiCicco, Charles M. Norkis, and Francis K. Simcik [Dkt. No. 12] and Defendant Joseph E. Horn [Dkt. No. 17] (collectively "Defendants").[1]  In response, Plaintiff Adelaide Lombarski ("Plaintiff") has cross-moved for voluntary dismissal of the Complaint, which asserts both federal and state law claims. Alternatively, Plaintiff "offers no response to defendants' motion to dismiss on the federal claims," Pl. Opp. Br. at 5, and requests that the Court decline to exercise its supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  For the reasons set forth herein, Plaintiff's motion is granted, and Defendants' motion is granted in part and denied in part as moot.

I.   **Plaintiff's Complaint**

On or about November 12, 2010, Plaintiff filed her Complaint

---

[1]  The remaining Defendant, Cape May County, has not moved for dismissal.

in the Superior Court of New Jersey, Law Division, Cape May. On December 17, 2010, Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. § 1441.

In her Complaint, Plaintiff states that she was a seasonal employee at the Cape May County Municipal Utilities Authority's solid waste transfer station in Burleigh, Middle Township, New Jersey. Plaintiff avers that on June 6, 2009, she was sexually harassed and assaulted by Defendant Horn, a senior transfer station equipment operator at that time. Plaintiff alleges the following claims arising from the June 6 incident: (1) violation of substantive due process rights; (2) assault and battery; (3) failure to train; (4) intentional infliction of emotional distress; (5) hostile work environment under the New Jersey Law Against Discrimination; (6) municipal liability under 42 U.S.C. § 1983; and (7) civil conspiracy. Defendants move to dismiss pursuant to Rule 12(b)(6).

## II. Legal Analysis

Because the Defendants' motion to dismiss would be rendered moot if the Court grants Plaintiff's request for a voluntary dismissal, the Court first turns to Plaintiff's cross-motion.

### A. Voluntary Dismissal

The purpose of Rule 41 is to "give a [plaintiff] a right to take his case out of court when no one else will be prejudiced by his doing so." Ockert v. Union Barge Line Corp., 190 F.2d 303,

304 (3d Cir. 1951). Rule 41(a)(1) provides two methods by which a plaintiff may voluntarily dismiss a complaint. Subdivision (A)(ii) permits the plaintiff to dismiss the action by stipulation by all parties at any time.[2] Subdivision (A)(i), by contrast, permits a plaintiff to dismiss the action unilaterally by filing a notice of dismissal with the court prior to the service of an answer or summary judgment motion by an opposing party. See 9 Wright & Miller, Federal Practice & Procedure § 2363 (3d ed. 2010). As the Third Circuit explained:

> The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," Manze [v. State Farm Ins. Co., 817 F.2d 1062, 1065 (3d Cir. 1987)], which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." Id. (quoting Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir.1983)). Up to the "point of no return," dismissal is automatic and immediate-the right of a plaintiff is "unfettered," Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977).

In re Bath and Kitchen Fixtures Antitrust Litigation, 535 F.3d 161, 165-66 (3d Cir. 2008).

### 1. Rule 41(a)(1)(A)(i)

The moving Defendants have not filed an answer in this matter.[3] Typically, a motion to dismiss does not extinguish a

---

[2] Plaintiff represents in her brief opposing dismissal that Defendant Horn would not consent to a voluntary dismissal without imposition of costs. See Opp. Br. at 2.

[3] Defendant Cape May County answered Plaintiff's Complaint on December 31, 2010 but to date has taken no position on

plaintiff's right of voluntary dismissal.  Id. at 166 ("Because a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice."). Defendants have, however, supported their motion to dismiss by attaching matters outside the pleadings.  Thus, if the Court accepted these extra-pleaded materials, the motion would convert to one for summary judgment, see Fed.R.Civ.P. 12(d), and would fetter Plaintiff's right to seek voluntary dismissal.  See In re Bath and Kitchen, 535 F.3d at 166 ("Only when a motion filed under Fed.R.Civ.P. 12(b)(6) is converted by the district court into a motion for summary judgment does it bar voluntary dismissal.").

Such motions, however, do not bar a plaintiff from seeking voluntary dismissal unless the Court elects to convert the motion to one seeking summary judgment.  See Lane v. CBS Broadcasting Inc., Civ. No. 08-3175, 2008 WL 7484460, at *1 n.1  (E.D. Pa. Oct. 31, 2008) (quoting Short v. Weinrebe, Civ. No. 87-5057, 1988 WL 71277, at *3 (E.D. Pa. June 30, 1988)) ("However, '[f]or the purpose of Rule 41, before a Rule 12(b)(6) motion may be viewed as a Rule 56 motion, the Third Circuit Court of Appeals requires that:  (1) a defendant intend its motion to dismiss to be one for summary judgment; and (2) the court treat it as such.'"); see

---

Plaintiff's request for dismissal.

5

also Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)."); Finley Lines Joint Protective Bd. Unit v. Norfolk S. Corp., 109 F.3d 993, 997 (4th Cir. 1997) ("[W]e hold that a Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); Aamot v. Kassel, 1 F.3d 441, 444-45 (6th Cir. 1993) ("[T]he clear language of Rule 12(b) which permits a 12(b)(6) motion accompanied by extraneous materials to be treated as a motion for summary judgment is directed, not at the parties, but at the court; conversion takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude the extraneous matters.").

Here, although Defendants have moved for dismissal, or summary judgment in the alternative, the Court declines to convert the motion to one for summary judgment. The Court

therefore concludes that Plaintiff may dismiss her action against the moving Defendants unilaterally pursuant to Rule 41(a)(1)(A)(i).  The Court construes Plaintiff's opposition brief requesting voluntary dismissal as a notice of dismissal pursuant to subdivision (A)(i).[4]  Thus, Plaintiff's Complaint against the moving Defendants is dismissed.[5]

Plaintiff's proposed form of order seeks dismissal without prejudice, albeit pursuant to Rule 41(a)(2).  Thus, the Court will dismiss Plaintiff's claims without prejudice.[6]  See In Re Kitchen & Bath, 535 F.3d at 165 (A notice of dismissal in this

---

[4] Of course "[t]he right of voluntary dismissal by notice prior to service of the answer or a motion for summary judgment extends as fully to cases removed from a state court as it does to cases commenced in federal court."  9 Wright & Miller, supra, § 2363.  Indeed, voluntary dismissal "is frequently used...when a plaintiff, who is unwilling to prosecute the action in federal court, wishes to dismiss in order to start a new action in state court and preclude removal by...the elimination of [] federal claim[s]...."  Id.

[5] As noted, Defendant Cape May County did answer Plaintiff's Complaint.  The filing of Cape May's answer, however, does not preclude Plaintiff from dismissing his Complaint against the other named Defendants pursuant to Rule 41(a)(1)(a)(i).  See Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)("The plaintiff may dismiss some or all of the defendants...through a Rule 41(a)(1) notice.  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice."); see also 9 Wright & Miller, supra, § 2362.

[6] Although the Court dismisses this action without prejudice the Court is mindful of Plaintiff's representation that "Plaintiff will be filing another complaint in state court, asserting state law causes of action."  Pl. Opp. Br. at 5.  The Court understands Plaintiff to mean that she will not be asserting federal claims in state court.

context "results in a dismissal without prejudice (unless it states otherwise) as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case.").

### 2. Rule 41(a)(2)

Even if this matter were before the Court on a Rule 41(a)(2) motion, as the parties presume, the Court finds dismissal would be warranted, without prejudice and without costs.  Rule 41(a)(2), which permits that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," warranted.[7]  "Generally, courts have followed the principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 190 (E.D. Pa. 1982).  The decision to grant or deny dismissal is left to the Court's discretion.  Ockert, 190 F.2d at 304-05; In re Diet Drugs (Phentermine /Fenfluramine / Dexfenfluramine) Products Litigation, 85 Fed.Appx. 845, 847 (3d Cir. 2004).

Defendants do not oppose the Rule 41(a)(2) dismissal of the

---

[7] The Court does find that Plaintiff's Complaint against Defendant Cape May County, who has filed an answer in this matter but has not otherwise opposed Plaintiff's cross motion, should be dismissed pursuant to Rule 41(a)(2).  Furthermore, Defendants' unopposed motion to dismiss Cape May County's cross claims for contribution and indemnification is granted because the cross claims do not present an independent basis for this Court's jurisdiction.

8

Complaint on the following conditions: first, that the federal claims be dismissed with prejudice; and second, that Plaintiff reimburse them for the fees and costs associated with filing the motion to dismiss. The Court addresses each condition in turn.

As noted, Plaintiff's proposed form of order seeks dismissal without prejudice. Defendants argue that Plaintiff's federal claims should be dismissed with prejudice. When weighing whether a defendant will suffer prejudice by permitting a voluntary dismissal, courts consider the circumstances of each case, including "(1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." See A.V. by Versace, Inc. v. Gianni Versace S.p.A., 261 F.R.D. 29, 32 (S.D.N.Y. 2009) (citing Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)). Said differently, Courts consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953-54 (6th Cir. 2009) (quoting Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994)).

Here, Plaintiff provided notice of her intent to dismiss her Complaint in response to Defendants' Motions to Dismiss. The Court finds no evidence of any undue vexatiousness or lack of diligence on Plaintiff's part and notes that this action remains in its incipient stage. Given that it appears that discovery has not yet commenced, there seems little concern that Defendants incurred unnecessary expense. The Court further understands Plaintiff to represent that she will no longer pursue her federal claims, which further serves to minimize the risk that Defendants will incur duplicative costs.

Defendants fail to identify any prejudice they would incur by permitting dismissal without prejudice other than their lack of guarantee that Plaintiff will not re-file her federal claims in state court. Certainly, should Plaintiff proceed in this manner, the Court would address such issues if Defendants were to re-remove this action.

Defendants also argue that Plaintiff should be responsible for the costs and fees incurred by filing their motion to dismiss.[8] Defendants make two arguments in this regard. First,

---

[8] Generally, when an action is dismissed with prejudice, a defendant may not recover attorney's fees because Rule 41(a)(2) is designed to reimburse a defendant who will likely incur additional costs upon the re-filing of a lawsuit. This risk is not present when the action is dismissed without prejudice. See, e.g., Dorfsman v. Law School Admission Council, Inc., Civ. Action 00-0306, 2001 WL 1754726, at *3 (E.D.Pa. 2001). Also, where there is independent statutory authority to award fees, fees may be appropriately awarded. See Smoot v. Fox, 353 F.2d 830, 832-33

they contend that such an award is proper under Rule 41(a)(2). Second, they argue, they are prevailing parties under 42 U.S.C. § 1988(b).

    The "terms that the court considers proper" set forth in Rule 41 are usually for the protection of the defendant.  See Fed.R.Civ.P. 41(a)(2); 9 Wright & Miller, supra, § 2366.  Indeed, orders that the plaintiff pay the costs of litigation are considered commonplace.  Id.  The Court finds that the imposition of fees and costs is not warranted here, however.  The case was recently filed and no discovery has been conducted by Defendants. Moreover, in filing the within motion to dismiss, Defendants received much of what they sought, a dismissal of several of Plaintiff's claims.  Given that the litigation remains in its earliest stage, as noted, the risk that Defendants will incur duplicative costs remains minimal.  See, e.g., Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987)("It is evident from the record that the work and resources expended to date during this litigation will be easily carried over to litigation of the plaintiff's cause of action in state court.  There is no basis, therefore, for concluding that the defendant will be prejudiced by a failure to impose this condition on the plaintiff, especially when federal discovery will be useable in the state forum.").

---

(6th Cir. 1965).

Further, there is nothing in the record to suggest any misconduct by Plaintiff. Clearly, Plaintiff is desirous of having her claims adjudicated in state court. She has that right. Had Defendants reached out to Plaintiff prior to their removal of the action to this Court for the purpose of getting Plaintiff to agree to a dismissal of her federal claims, and Plaintiff refused, only to do so after removal (whether or not a motion to dismiss was filed), Defendants would most likely be entitled to attorney's fees. Such conduct would have been gamesmanship. Those are not the facts, here, however.

Defendants alternatively argue that they are the "prevailing party" under 42 U.S.C. § 1988(b)[9], and thus, are entitled to attorney's fees. The standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs. See <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978). A prevailing defendant is entitled to attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation...." <u>Barnes Foundation v. Township of Lower Merion</u>, 242 F.3d 151, 158 (3d Cir. 2001) (quoting <u>Christiansburg</u>, 434 U.S. at 416-17, 421). Even assuming Defendants are the

---

[9] Section 1988(b) provides, "In any action or proceeding to enforce a provision of [Section 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b).

12

"prevailing parties" within the meaning of the statute-an issue this Court need not address-the Court finds that an award of attorney's fees is not warranted for the same reasons expressed above.

### III. Conclusion

For the foregoing reasons, Plaintiff's cross-motion for a voluntary dismissal is granted.  Plaintiff's Complaint is dismissed without prejudice.  No fees or costs are awarded to either party.  Defendants' motion to dismiss the cross claims filed by Cape May County is granted.  Defendants' motion to dismiss Plaintiff's Complaint is denied as moot.


Dated: <u>April 5, 2011</u>          <u>s/Renée Marie Bumb          </u>
                                      RENÉE MARIE BUMB
                                      United States District Judge